UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| COVENTRY ASSOCIATES, L.P. and JEEH, L.P. (Jointly Administered) | : | |
| Debtors | : | Bankruptcy No. 05-11798F |
| COVENTRY ASSOCIATES, L.P., | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 05-00451F |
| LANNETT COMPANY, INC. | : | |
| Defendant | : | |

..................................................

MEMORANDUM

..................................................

The chapter 11 debtor, Coventry Associates, L.P., commenced an adversary proceeding against one of its former tenants, Lannett Company, Inc., which proceeding included an objection to Lannett's proof of claim as well as an assertion that it breached the lease. Lannett then filed an answer in opposition, along with two counterclaims, averring that Coventry, rather than it, breached the terms of their lease. Coventry then filed its response challenging the two counterclaims.

Presently before me is a motion by Lannett for judgment on the pleadings "as to the claims of the complaint and counterclaim . . . ."[1] In response thereto, Coventry

---

[1] The motion does not expressly identify for which of the two counterclaims judgment is sought. Upon review, however, it is likely that judgment is sought as to the first counterclaim.

filed a pleading opposing Lannett's motion and combined this response with a "motion for leave to file an amended complaint." Lannett opposes Coventry's request for leave to amend.

The parties have submitted memoranda in support of their respective positions as well as presented oral argument. For the following reasons, I shall grant Coventry leave to amend its complaint and deny Lannett's motion for judgment on the pleadings.

I.

A.

The original complaint, filed on July 7, 2005, alleged that on December 19, 1997, Coventry and Lannett entered into a lease agreement for warehouse space located at 500 State Road, Bensalem, Pennsylvania. The lease term was three years and three months, beginning on December 29, 1997. Complaint Ex. A.

By letter agreement dated May 11, 2004, the parties amended the December 1997 lease agreement by extending the term of the lease until April 30, 2005 and fixing the rent at $10,830.55 per month, commencing May 1, 2004. Complaint Ex. B. The lessor had the right to terminate the lease after September 30, 2005, upon 90 days written notice. This letter agreement incorporated all the provisions of the December 1997 agreement, except to the extent expressly modified.

Coventry further alleged in its original complaint that the lease required Lannett to "surrender[] the Premises in the same condition and order as it was delivered to Lannett at the commencement of the Lease term. Lannett was also responsible for repairs to the Premises." Complaint ¶ 10. Lannett denied this allegation. Answer ¶ 10. Coventry also averred that the lease provided that Lannett's failure to surrender the leasehold in the original condition made it liable for "triple the amount of the rent for the time period associated with the Debtor's efforts to effectuate Lannett's Lease obligations with respect to repair and restoration of the Premises." Complaint ¶ 11. Lannett also denied this allegation.[2]

---

[2] Upon my review of Exhibit A, it appears that Coventry is referring to the following lease provisions in paragraphs 10 and 11 of its complaint:

> "Lessee covenants and agrees that it will . . . surrender the demised premises in the same condition in which Lessee has herein agreed to keep them."

Exhibit A, ¶ 8(b).

> If Lessee shall retain possession of the demised premises or any portion thereof without Lessor's consent following the expiration of the Lease or sooner termination for any reason, then Lessee shall pay to Lessor for each day of such retention triple the amount of the daily rental as of the last month prior to the date of expiration or termination. Lessee shall also indemnify, defend, protect and hold Lessor harmless from any loss, liability or cost, including reasonable attorney's fees, resulting from delay by Lessee in surrendering the demised premises, including, without limitation, any claims made by any succeeding Lessee founded on such delay. . . . Additionally, in the event that upon termination of the Lease Lessee has not fulfilled its obligation with respect to the repairs and cleanup of the demised premises or any other Lessee obligations as set forth in the Lease, then Lessor shall have the right to perform any such obligations as it deems necessary at Lessee's sole cost and expense, and any time required by Lessor to complete such obligations shall be considered a period of holding over and the terms of this section shall apply.

(continued...)

3

Based upon these averments, Coventry demanded in Count I of its complaint that Lannett's breach of the lease entitled it to damages of "$1,083.05 per day from May 1, 2005 to the date of completion of the repairs and restoration of the Premises," plus the costs of the repairs, estimated to exceed $20,000.

In Count II, Coventry averred that Lannett filed a prepetition claim in the bankruptcy case seeking recovery of the latter's $15,000 security deposit. The claim, Coventry asserted, must be disallowed due to Lannett's breach of the lease. In Count III, Coventry contended that Lannett filed an "administrative proof of claim" that must also be disallowed, as it has no valid grounds for such a claim.

Lannett's answer, filed August 5, 2005, admitted the existence of a lease agreement as well as the later amendment between the parties, but denied that it committed any breach.[3] It acknowledged that it had filed a proof of claim in the amount

---

[2](...continued)
Id. ¶ 47.

[3] In paragraph 4 of the complaint, Coventry asserted that this proceeding was a core matter. Under Fed. R. Bankr. P. 7012(b), Lannett was required to admit or deny the allegation; moreover, if Lannett's response is that the proceeding is non-core, then the answer must state whether it consents to the entry of final orders or judgment by the bankruptcy court. Instead of complying with Rule 7012(b), Lannett merely denied Coventry's assertion as a legal conclusion to which it need not respond. I note, however, that Lannett seems to believe this court has the power to enter a final judgment against Coventry, via a motion for judgment on the pleadings.

At present, I need not decide the jurisdiction issue, nor will I imply from Lannett's motion that it consents to my entry of a final judgment in this case. Even if this proceeding is not a core proceeding, it is related to the pending bankruptcy case. Bankruptcy courts have the power to issue interlocutory orders in non-core proceedings. See, e.g., Celotex Corp. v. Edwards, 514 U.S. 300, 309 n.7 (1995); In re CEI Roofing, Inc., 315 B.R. 61, 67 (Bankr. N.D. Tex. 2004). Orders denying judgment on the pleadings and orders granting leave to amend the complaint are only interlocutory. See generally, e.g., Walker v. City of Pine Bluff, 414 F.3d 989, 991 (8th Cir.
(continued...)

of its security deposit "plus unliquidated contingent amounts for accruing interest, costs and fees," as well as an administrative claim.  Answer ¶¶ 20, 24.  It denied that these claims should be disallowed.

Lannett's first counterclaim sought recovery of its $15,000 security deposit, plus interest, costs, and attorney's fees.  Its second counterclaim asserted that the "fire supression system was out of compliance with code," and this constituted a breach of the lease by Coventry.  Counterclaim II ¶¶ 8, 9.  Unspecified damages and costs and fees were demanded.

B.

Lannett's instant motion for judgment on the pleadings asserts that on October 5, 2005 (after the complaint was filed), this court confirmed Coventry's proposed chapter 11 plan.  As part of this approved plan, Coventry then sold the leasehold for $2,825,000.  Lannett maintains that the agreement of sale for the realty did not require that Coventry make any repairs to the property, and the buyer received it in "as is" condition.  Lannett reasons that even if it failed to make required repairs under the lease, Coventry suffered no damages thereby, because there is no evidence that the purchase price was reduced.  And if there were no damages caused by an alleged failure to repair, then Lannett believes it must be entitled to the return of its security deposit.

---

[3](...continued)
2005); <u>Tensley Bey v. Virginia</u>, 16 Fed. Appx. 271 (4th Cir. 2001).

5

Finally, Lannett argues in its present motion that the holdover damage provision of the lease, paragraph 47, must be construed as applying only to the period of time between when the lessor commences making the required repairs to the leasehold and when such repairs are completed. Thus it challenges Coventry's interpretation—that the holdover period with its concomitant damage clause starts from the end of the lease to whenever the repairs are completed—as not consistent with the parties' intent. Lannett also maintains that Coventry's interpretation would cause paragraph 47 to become an "unenforceable penalty" under Pennsylvania law.[4]

C.

Coventry's proposed amended complaint, attached to its motion for leave to amend, would add four paragraphs to its factual averments. These paragraphs assert that the State Road realty was sold to an entity known as 1329 Ford Road Associates on October 17, 2005 for $2,825,000, pursuant to the terms of a confirmed chapter 11 plan. In addition, the proposed amended complaint adds to Count I the allegation that Coventry found that certain necessary repairs to the property were not made by Lannett, that these repairs reduced the value of the property, and that Lannett is liable for triple holdover rent

---

[4]I could not locate any choice of law provision in the lease. The complaint and answer reveal that Coventry is a Pennsylvania limited partnership and Lannett is a Delaware corporation with its principal place of business at the leasehold. As the leasehold was located in Pennsylvania, and as there is no evidence that any other jurisdiction has any interest in the matter, Lannett's reliance upon Pennsylvania law seems appropriate and Coventry does not protest.

6

from May 1, 2005 until October 17, 2005 (the date of sale).  The proposed amended complaint did not change the averments of Counts II and III.

II.

Before considering Lannett's motion for judgment on the pleadings, I shall determine Coventry's request for leave to amend.  See generally Overton v. Southeastern Pennsylvania Transportation Authority, 2004 WL 1243666, at *5 (E.D. Pa. 2004) (court determines the Rule 12(c) motion after first granting leave to amend the complaint); Grelach v. Volvo Cars of North America, 1997 WL 129004 (E.D. Pa. 1997) (same).  The causes of action are unchanged by the proposed amendment.

Amendments to pleadings in bankruptcy adversary proceedings are governed by Fed. R. Civ. P. 15, which rule is wholly incorporated by Fed. R. Bankr. P. 7015.  Rule 15 provides in relevant part:

> **(a) Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Since Lannett has already filed its answer to Coventry's complaint, leave of court to amend is required.  The rule itself declares that "leave shall be freely given when

justice so requires." The significance of this phrase in determining a motion for leave to amend has been explicated by the Supreme Court in the following manner:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (citation omitted); accord United States v. Duffus, 174 F.3d 333, 337 (3d Cir.), cert. denied, 528 U.S. 866 (1999):

> The Supreme Court has indicated that in the absence of evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment [or] futility of amendment," leave to amend should be freely given.

Therefore, if there is either prejudice to the defendant or undue delay by the plaintiff, or if the amendment would be futile, then leave to amend can, in the discretion of the trial court, be denied. See, e.g., Lindquist v. Buckingham Township, 106 Fed. Appx. 768, 2004 WL 1598735, at *6 (3d Cir. 2004); In re Kellogg, 166 B.R. 504, 510 (Bankr. D. Conn. 1994); In re Suburban Motor Freight, Inc., 114 B.R. 943, 951-52 (Bankr. S.D. Ohio 1990).

Here, there is no suggestion of undue delay. Lannett's motion for judgment on the pleadings was filed a few weeks after Coventry sold the realty. Coventry's proposal to amend the complaint quickly followed in response. Moreover, the allegations

8

that Coventry seeks to add could not have been included in the original complaint. Therefore, I find there is no undue delay.

There also is no suggestion that Lannett would be prejudiced by the proposed amendments. No new causes of action are added. Indeed, the only factual additions concern the sale of the leasehold realty, which sale Lannett relies upon as a defense to Coventry's claims.

Lannett does contend, however, that Coventry's proposed amendment would be futile. And futility does serve as a basis for denial of leave to amend. See, e.g., Sarfaty v. Nowak, 369 F.2d 256, 259 (7th Cir. 1966), cert. denied, 387 U.S. 909 (1967) (Rule 15(a) does not require a court to do a futile thing); Malmros v. Jones, 2004 WL 632726, at *5 (E.D. Pa. 2004). However, as will be discussed below, the proposed amendments to the complaint are not futile and support a possibly viable cause of action. Accordingly, Coventry's motion to amend shall be granted.

### III.

I turn next to Lannett's motion for judgment on the pleadings, utilizing the amended complaint as the relevant pleading.

Federal Rule of Civil Procedure 12(c) (incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012(b)) states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,

9

> and all parties shall be given reasonable opportunity to present
> all material made pertinent to such a motion by Rule 56.

As explained by the Third Circuit Court of Appeals, a trial court may not grant a motion for judgment on the pleadings

> unless the movant clearly establishes there are no material
> issues of fact, and he is entitled to judgment as a matter of
> law. . . . We must view the facts presented in the pleadings
> and the inferences to be drawn therefrom in the light most
> favorable to the nonmoving party.

Sikirica v. Nationwide Insurance Co., 416 F.3d at 214, 220 (3d Cir. 2005); see, e.g., Hayes v. Community General Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991), cert. denied, 502 U.S. 1060 (1992); Institute for Scientific Information, Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir.), cert. denied, 502 U.S. 909 (1991); Society Hill Civic Ass'n. v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980).

Thus, for purposes of a Rule 12(c) motion raised by a defendant, the factual assertions made in the plaintiff's amended complaint are accepted as true. Accordingly, when a defendant files a Rule 12(c) motion, the appropriate standard for determination is identical to that used in deciding whether to grant a Rule 12(b)(6) motion to dismiss a complaint for failure to state a cause of action. One technical difference between a motion under Rule 12(b)(6) and under Rule 12(c) is the timing. The former motion must be filed before any responsive pleading, while the latter motion is filed after the close of the pleadings. See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Since granting a Rule 12(c) motion results in a determination on the merits at an early stage in the litigation, I may not grant judgment unless the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is

10

entitled to judgment as a matter of law. See Institute For Scientific Information, Inc. v. Gordon and Breach, Science Publishers Inc, 931 F.2d at 1004. "In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial." Society Hill Civic Ass'n v. Harris, 632 F.2d at 1054 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 690 (1969)).

In general, a court is constrained to consider only the actual pleadings in deciding a motion for judgment on the pleadings. See Sikirica v. Nationwide Insurance Co., 416 F.3d at 220. However, in Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002), the Circuit Court explained in the context of an analogous motion under Rule 12(b)(6):

> "[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered. *** Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court."

(quoting 62 Fed. Proc., L. Ed. § 62:508); see also Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 196-97 (3d Cir. 1993). A similar exception exists for motions under Rule 12(c). See Mele v. Federal Reserve Bank, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (stating that a document that is "'integral to or explicitly relied upon in the complaint' may be considered" without converting the motion to one for summary judgment) (quoting In re Burlington Coat Factory Securities Litigation, 1114 F.3d 1410, 1426 (3d Cir. 1997)); Steinhardt Group, Inc. v. Citicorp, 126 F.3d 144, 145 (3d Cir. 1997).

To the extent that this exception would not apply, Lannett also requests that this court take judicial notice of Coventry's confirmed third amended plan of reorganization, as well the exhibits attached thereto, including the agreement to sell the former leasehold. Motion at 3. Insofar as judicial notice is concerned, Fed R. Evid. 201(b) states "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Judicial notice can be taken of the terms of a confirmed chapter 11 plan. See In re American Plumbing & Mechanical, Inc., 323 B.R. 442, 448 (Bankr. W.D. Tex. 2005); In re Blue Diamond Coal Co., 163 B.R. 798, 803 (Bankr. E.D. Tenn. 1994). Moreover, as Coventry's amended complaint makes reference to the reorganization plan, see Complaint ¶ 12, I shall consider the terms of the debtor's third amended plan, including the sale agreement for the leasehold attached thereto, in connection with the instant 12(c) motion. See generally In re Geotek Communications, Inc., 282 B.R. 165 (Bankr. D. Del. 2002) (terms of confirmed plan warrant entry of judgment on the pleadings).

A.

I will first address Lannett's contention that it is entitled to judgment on the pleadings with regard to Coventry's claims for damages due to the defendant's alleged failure to make necessary repairs to the leasehold. Lannett's contention that dismissal is

12

required is premised primarily upon the common law principle that only nominal damages can be awarded for a breach of contract when there is not a sufficient showing of actual damages. See generally Coca-Cola Bottling Co. v. Coca-Cola Co., 988 F.2d 386, 409 (3d Cir. 1993); Restatement (Second) of Contracts § 346(2) (1981).

Coventry's breach of contract claim, as mentioned above, is based upon the assertion that the defendant altered the physical condition of the leasehold and then failed to restore the premises as contractually promised. Lannett concedes that I must accept this assertion as true for purposes of deciding its motion for judgment on the pleadings. It is further agreed for purposes of this Rule 12(c) motion that Coventry sold the leasehold realty to 1329 Ford Associates. Lannett then examines the sale agreement and notes that the agreement of sale attached to the confirmed third amended plan was dated in March 2005. This date is prior to Lannett vacating the leasehold; thus, at that time it could not have been known that Lannett was not going to make the required repairs. Furthermore, there is no provision in the agreement of sale addressing any needed repairs to the property. The property was sold in "as is" condition.

Accordingly, Lannett argues that 1329 Ford Road's purchase offer must have implicitly assumed either that Lannett would make the necessary repairs, or that the condition of the leasehold did not affect the value of the property. In either instance, the purchase price would not be diminished and Coventry would suffer no damages.

The two inferences that Lannett draws from these documents are indeed possible. However, in deciding a judgment on the pleadings, I must consider the facts alleged as true and draw any reasonable inferences in favor of the non-moving party.

Based on the facts presented in Coventry's amended complaint, I believe two alternative inferences can be drawn, which inferences could lead to liability.

It is conceivable that at the time Coventry and 1329 Ford Road entered into the sale agreement they were aware of the possibility that Lannett might not make the specified repairs at the end of its lease term. If so, then the purchaser, 1329 Ford Road, may have discounted the purchase price and assumed that the repairs would not be made.

Furthermore, paragraph 6.1 of the confirmed plan called for the sale of the State Road realty at an auction, at which auction the purchase proposal offered by 1329 Ford Road would be the opening bid. Apparently, no higher bids were received, since the sale price and purchaser were unchanged. Another reasonable inference from these facts is that the absence of higher bids was caused by the condition of the leasehold with its needed repairs. If so, then Coventry indeed suffered damages for which Lannett may liable.

Added to these two possible inferences is the express allegation in the amended complaint that Lannett's failure to repair the leasehold, as contractually required, resulted in a diminishment of value of the property.

Whether Coventry will be able to prove its assertions at trial is unknown. Indeed, I do not know whether it will be able to quantify its damages at trial. However, I cannot now conclude that it should not be given that opportunity and that Lannett is entitled to judgment on the pleadings as to that issue, given the standard I must now apply to a motion under Rule 12(c).

B.

Lannett's alternative argument concerns the measure of damages asserted by the plaintiff. Coventry alleges that it is entitled to liquidated damages under paragraph 47 of the lease. Lannett argues that this provision is an unenforceable penalty or is inapplicable by its own terms.

Under Pennsylvania law, a court will enforce a liquidated damages clause if the amount sought is reasonable, and at the time the parties entered into the contract it was believed difficult to measure the amount of actual damages occurring from any future breach of the contract. See Commonwealth v. Mitchell, 517 Pa. 203, 214 (1987) ("[L]iquidated damages [will] be awarded only in cases where the amount is reasonable and there is a difficulty in assessing the harm that would be caused by a breach."). Courts will not enforce a liquidated damages clause if it acts only as a penalty, rather than as a reasonable estimation of the potential damages from a breach. See Palmieri v. Partridge, 853 A.2d 1076, 1080 (Pa. Super. 2004); Brinich v. Jencka, 757 A.2d 388, 402 (Pa. Super. 2000).

This standard applies even when both parties are sophisticated business entities which have entered into an arms-length agreement. See In the Matter of Plywood Co., 425 F.2d 151, 155 (3d Cir. 1970) (applying the same liquidated damages standard to a commercial lease under New Jersey law); Giant Food Stores, Inc. v. Kmart Corp., 1996 WL 432487, at * 1 (E.D. Pa. 1996) ("[C]ourts will not enforce a liquidated damages clause that is in reality a penalty cause. [citation omitted]. This is true even if parties of equal bargaining power, negotiating at arms length agreed to the penalty provision.");

15

Holt's Cigar Co. v. 222 Liberty Associates, 404 Pa. Super. 578, 590-91 (1991) (liquidated damages clause functioning as a penalty was unenforceable as a violation of public policy).

In determining whether liquidated damages are really a penalty or a reasonable estimation of the anticipated damages, a court must balance several factors. These include:

> 'the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject matter and its surroundings; . . . relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach of damages, and such other matters as are legally or necessarily inherent in the transaction.'

Commonwealth v. Musser Forests, Inc., 394 Pa. 205, 212 (1958) (quoting March v. Allabough 103 Pa. 335, 341 (1883)); see Brinich v. Jencka, 757 A.2d at 402; Olmo v. Matos, 439 Pa. Super. 1, 8 (1994).

In determining whether the amount in damages is reasonable, a court must look to "what it was that the parties were bargaining for." Commonwealth v. Mitchell, 517 Pa. at 215. Where a liquidated damages clause is valid and enforceable, it may preclude an injured party from recovering actual damages resulting from the breach. See Carlos R. Leffler, Inc. v. Hutter, 696 A.2d 157, 162 (Pa. Super. 1997).

An analysis of a liquidated damages clause under Pennsylvania law requires certain factual determinations, including the intent of the parties and the reasonableness of the provision as of the time of the agreement. In the context of this motion, I have no basis to make any such determinations. Indeed, there are not even averments as to the

16

precise cost of the alleged repairs or the reduction in value of the realty, by which one might determine whether the lease provision is punitive.

Furthermore, even if Lannett is ultimately proven correct that the liquidated damage provision is unenforceable, or that Coventry's interpretation is untenable or illogical, or that Coventry cannot both receive judgment for actual and liquidated damages, it does not follow that Coventry would not be entitled to some other measure of damages for the breach of contract: i.e., the estimated or actual repair costs, offset by the security deposit. See Olmo v. Matos, 439 Pa. Super. at 8. A complaint cannot be dismissed because a plaintiff, who is entitled to relief, asserts an incorrect measure of damages. See Raymond A. McPherson, Inc. v. Veneziale, 18 Pa. D. & C.2d 757, 761 (Pa. Com. Pl. 1959) (although liquidated damage provision was unenforceable, plaintiff given leave to replead actual damages); see generally Fed. R. Bankr. P. 7054 (incorporating Fed. R. Civ. P. 54(c)); Brown v. Burr-Brown Research Corp., 378 F.2d 822, 824 (5th Cir. 1967) ("It may be well to remark at this point that under Rule 54(c), Federal Rules of Civil Procedure, in a litigated case the prayer does not limit the amount of recoverable damages.").

At this stage of the proceeding, Coventry alleges that Lannett damaged its property and, as a result, it is entitled to liquidated damages, actual damages and the retention of the lessee's security deposit. Lannett denies that it damaged the realty and denies the applicability and enforeceability of the contractual damage provision relied upon by Coventry. As the correctness of these assertions and denials cannot be determined by a review of the pleadings themselves, even accompanied by the terms of

17

the confirmed plan and the agreement of sale, I must deny Lannett's motion for judgment on the pleadings.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| COVENTRY ASSOCIATES, L.P. | : | |
| JEEH, L.P. | | |
| (Jointly Administered) | : | |
| Debtors | : | Bankruptcy No. 05-11798F |
| _____ | | |
| COVENTRY ASSOCIATES, L.P., | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 05-00451F |
| LANNETT COMPANY, INC. | : | |
| Defendant | : | |

................................................

ORDER

................................................

      AND NOW, this 28th day of February 2006, for the reasons stated in the accompanying memorandum, it is hereby ordered that:

      1. Coventry's motion for leave to amend its complaint is granted. Its amended complaint, as attached to its motion, shall be filed and served within ten (10) days from the date of this order;

      2. Lannett shall file a response to the amended complaint within fifteen (15) days from service. This response shall comply with Fed. R. Bankr. P. 7012(b);

      3. Lannett's motion for judgment on the pleadings is denied.

                                          */s/ Bruce Fox*
                                      BRUCE FOX
                        United States Bankruptcy Judge

copies to:

Kristin T. Mihelic, Esquire
Monica S. Mathews, Esquire
Spector, Gadon & Rosen, P.C.
Seven Penn Center, 7th Floor
1635 Market Street
Philadelphia, PA 19103

Joshua T. Klein, Esquire
Samuel H. Israel, Esquire
Fox Rothschild, LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103